UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE (PORTLAND)

| In re:<br><br>Phillip Gotts,<br><br>      Debtor. | Chapter 13<br>Case No. 18-20566-PGC |
|---|---|

**ORDER GRANTING MOTION OF WILMINGTON SAVINGS**
**FOR RELIEF FROM THE AUTOMATIC STAY**

This matter came before me on the motion of U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust, as serviced by SN Servicing Corporation ("**U.S. Bank Trust**"), for relief from the automatic stay and the codebtor stay (the "**Motion**") with respect to property located at 29 Everett Avenue, South Portland, Cumberland County, Maine (the "**Property**").

    1.    In the Motion, U.S. Bank Trust seeks relief from the automatic stay under 11 U.S.C. §362(d) and the codebtor stay under 11 U.S.C. §1301(c) so that it may exercise its rights as a first mortgagee on the Property.

    2.    The record owners of the Property are Phillip Gotts (the "**Debtor**") and Cynthia M. Gotts, the non-filing codebtor (the "**Codebtor**").

    3.    The Debtor and Codebtor have defaulted on the terms of the Mortgage encumbering the Property by failing to make regular monthly payments.

    4.    Due and adequate notice of the Motion was given to the Debtor and Codebtor.

    5.    Good cause exists to grant U.S. Bank Trust relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) as against the Debtor.

6.  Good cause exists to grant U.S. Bank Trust relief from the codebtor stay pursuant to 11 U.S.C. § 1301(c) as against the Codebtor.

Consequently, it is ORDERED that U.S. Bank Trust, and its successors in interest, are granted relief from the automatic stay of 11 U.S.C. §362(a) and the codebtor stay of 11 U.S.C. §1301(a) so that it may enforce its rights under the Note, Mortgage and applicable law including, but not limited to, foreclosure of its Mortgage on the Property and pursuing summary process proceedings, if necessary. It is further ORDERED that U.S. Bank Trust is released from any further obligations under Fed. R. Bankr. P. 3002.1 in this case. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code, and shall be effective immediately upon entry, notwithstanding the provisions of Fed. R. Bankr. P. 4001.1.

Dated: December 30, 2020

Approved and so ordered,

/s/ Peter G. Cary
The Honorable Peter G. Cary
U.S. Bankruptcy Judge